IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PATRICIA WORRELL,

                OPINION AND ORDER

      Plaintiff,

                  13-cv-643-bbc

  v.

WELLS FARGO BANK, N.A.,

      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    Plaintiff Patricia Worrell is suing defendant Wells Fargo Bank, N.A. under the Fair Credit Reporting Act and Wisconsin privacy law for events arising out of a credit report that defendant obtained after plaintiff applied for a joint checking account with her daughter. Defendant has filed a motion under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted, dkt. #6, which is ready for review. Defendant argues that plaintiff's federal claim fails because defendant was authorized under 15 U.S.C. § 1681b(a)(3)(F)(i) to obtain plaintiff's credit report and that her state claim fails either because it is preempted or because she has not alleged enough facts to satisfy the elements of a claim.

    In response, plaintiff says that defendant has misunderstood the full scope of her claims. With respect to her federal claim, plaintiff points out that the FCRA not only limits when a credit report may be "obtained" but also when it may be "used" and that the validity

1

of each must be determined independently. 15 U.S.C. § 1681b(f). Relevant to this case, plaintiff says that defendant overlooked her claim that defendant "used" her credit report improperly by stating to her daughter, "Why is your mom's credit score so bad?" With respect to her state law invasion of privacy claim, plaintiff argues similarly that defendant overlooked her claim that defendant "intruded upon her seclusion" by making the same statement.

I agree with plaintiff that her complaint may be construed reasonably as including these two claims and that defendant did not address them in its opening brief. Defendant did discuss the alleged statement to plaintiff's daughter as it relates to a claim under Wis. Stat. § 995.50(2)(c), but that claim has elements different elements from those making up the "intrusion upon seclusion" privacy claim under § 995.50(2)(a) that plaintiff raised in her complaint. Defendant addressed the other claims in its reply brief, but that was too late. Narducci v. Moore, 572 F.3d 313, 324 (7th Cir. 2009) ("[T]he district court is entitled to find that an argument raised for the first time in a reply brief is forfeited."). Accordingly, I am denying defendant's motion to dismiss as to these two claims.

This is not to say that defendant failed to address any of the claims in the complaint. A review of the complaint shows that plaintiff did include a claim that defendant violated her rights by obtaining a credit report without her knowledge or consent. Cpt. ¶ 15, dkt. #1 ("Defendant obtained Plaintiff's credit report without Plaintiff's knowledge or authorization, in violation of 15 U.S.C. § 1681b(f).") However, she does not develop an argument on that claim under either federal or state law. Instead, she says that "the Court need not decide at

this stage whether the FCRA permitted Defendant to obtain a consumer report on Plaintiff." Plt.'s Br., dkt. #12, at 5.  This argument makes no sense because the claims are separate. Plaintiff cannot avoid dismissal of one claim simply by pointing to the potential merit of another claim.  With respect to the state law claim, plaintiff did not respond at all to defendant's argument that obtaining the credit report did not violate Wisconsin privacy law.

Defendant fully developed its argument under both the FCRA and Wisconsin privacy law that it was entitled to obtain a copy of plaintiff's credit report, citing relevant case law for the proposition that it had a "legitimate business need" for the report under 15 U.S.C. § 1681b(a)(3)(F)(i) because plaintiff had submitted an application for a checking account. "When presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action." County of McHenry v. Insurance Co. of the West, 438 F.3d 813, 818 (7th Cir. 2006)(internal quotations omitted).  See also Kirksey v. R.J. Reynolds Tobacco Co., 168 F.3d 1039, 1042 (7th Cir. 1999) ("If [judges] are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning."). Because plaintiff did not respond to defendant's argument in any meaningful way, she has forfeited these claims.

ORDER

IT IS ORDERED that defendant Wells Fargo Bank, N.A.'s motion to DISMISS, dkt. #6, is DENIED with respect to plaintiff Patricia Worrell's claims that defendant violated 15

3

U.S.C. § 1681b(f) and the Wisconsin privacy tort of intrusion upon seclusion by stating to plaintiff's daughter, "Why is your mom's credit score so bad?"  In all other respects, the motion is GRANTED.

Entered this 27th day of January, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge